**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| **EASTERN POINT TRUST COMPANY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 1:25-cv-1787** |
| | ) | |
| **FLATIRONS BANK, et al** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES**
**IN SUPPORT OF PLAINTIFF EASTERN POINT TRUST COMPANY'S**
**MOTION FOR LEAVE TO AMEND ITS AMENDED COMPLAINT**

COMES NOW YOUR Plaintiff, Eastern Point Trust Company ("Plaintiff" or "EPTC") and

hereby files its Memorandum of Points and Authorities in Support of Plaintiff Eastern Point Trust

Company's Motion for Leave to Amend its Amended Complaint in this matter pursuant to Rule

15(a)(2) of the Federal Rules of Civil Procedure and related Local Rules and states as follows:

**I.    Introduction**

In this case, Plaintiff filed its Complaint (Docket No. 1) on or about October 16, 2025

against Defendants Flatirons Bank, Jakob Z. Norman, Nicholas J. Coccimiglio, William Bunnell,

Michael Upchurch, Courtney Barber, Timothy Krochuk, Trial Lawyers for Justice, Justice for Life,

FBHC Software LLC, Trellis Software, Inc., Town of Glenrock WY, Bruce Roumell, Amy Iberlin

(collectively "Named Defendants"), and John Does.

With consent of the Plaintiff, Named Defendants' time to respond was expanded by this

Court (Docket No. 23) to December 19, 2025. On December 19, 2025, Named Defendants, through

counsel, filed various motions pursuant to Rule 12(b) f the Federal Rules of Civil Procedure

(Docket Nos. 28, 32). On January 9, 2026, Plaintiff filed its Amended Complaint pursuant to Rule

Page **1** of **4**

15(a)(1)(B) of the Federal Rules of Civil Procedure. On January 13, 2026, this Court dismissed the pending Rule 12(b) motions as moot in light of the new Amended Complaint (Docket No. 41).

With consent of the Plaintiff, Named Defendants' time to respond was expanded by this Court (Docket No. 45) to February 20, 2026. On February 20, 2026, Named Defendants, through counsel, filed various motions pursuant to Rule 12(b) f the Federal Rules of Civil Procedure (Docket Nos. 54, 55). On February 24, 2026, with consent of Named Defendants, Plaintiff's time to respond to the Rule 12 motions was expanded to April 3, 2026 (Docket No. 64). Plaintiff's request to amend its Amended Complaint comes within the designated response time to the Named Defendants' Rule 12 motions.

## II.    Rule 15(a)(2) of the Federal Rules of Civil Procedure

This matter involves an amendment to a Complaint after the first amendment of right under 12(a)(1) FRCP.   As such, Rule 12(a)(2) FRCP is applicable.  Upon investigation, Plaintiff seeks to add clarifying facts throughout the Second Amended Complaint, remove the count of defamation against Defendant, Amy Iberlin, and allege jurisdictional facts that address Defendants' claims of lack of personal jurisdiction.

The Rule provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Plaintiff is petitioning the Court for leave. Rule 12(a)(1) Fed. R. Civ. Pro.

Under the standard for liberal leave to amend:

> "The United States Supreme Court has enunciated several factors to be considered when evaluating a motion for leave to amend: undue delay, bad faith or dilatory motive, undue prejudice to the opposing party, and the futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182, 9 L. Ed. 2d 222, 83 S. Ct. 227: (1962); see also *Rodgers*, 771 F.2d at 204, ('refusal is proper . . . where the party moving to amend has not shown that the proposed amendment has substantial merit.')." *Mason v. Allen*, 150 B.R. 21, 23 (U.S. Bankr. EDVA, Jan. 26, 1993).

Page **2** of **4**

During the pleading stage in particular, liberal leave to amend should be granted, except "where the proposed amendment fails to allege facts which would support a valid theory of liability. . . or where the party moving to amend has not shown that the proposed amendment has substantial merit." *Verhein v. South Bend Lathe, Inc.*, 598 F.2d 1061, 1063 (7th Cir., April 24, 1979), citing *Cohen v. Illinois Inst. of Tech.*, 581 F.2d 658 (7th Cir. 1978) and 6 Moore's Federal Practice, at pp. 171-172.

The instant case is quite the opposite. The proposed amendments contain additional factual allegations that support personal and subject matter jurisdiction and liability. The amendments also contain facts against newly identified defendants. These new factual allegations do not prejudice the Named Defendants, rather some of them put to rest issues raised in the Rule 12 motions by the Named Defendants themselves. As this case is only in the pleading stage, with no Answer filed by any Defendant, amendment is neither dilatory nor does prejudice exists. Compare with *Harding v. Kellam*, 1998 U.S. App. LEXIS 16307, at 8 (4th Cir., July 15, 1998), finding prejudice where amendment is sought near the trial date.

In this case, pending Rule 12 motions provide for the possibility of dismissal without prejudice and re-filing of the action, amendment in this case hastens the case, whereas dismissal without prejudice would unduly delay. See e.g. *Stewart v. Angelone*, 186 F.R.D. 342, 344 (E.D. Va. May 3, 1999) finding that amendment is preferable to avoid other procedural delays.

## III.    Conclusion

WHEREFORE, Plaintiff requests that this Court grant leave to amend its Amended Complaint and enter Exhibit B to the Motion for Leave to Amend its Amended Complaint as the operative Complaint in this case.

Respectfully Submitted,
EASTERN POINT TRUST COMPANY,
By Counsel.

DYCIO & BIGGS

/s/ T. Wayne Biggs, Esq.
Mark R. Dycio, Esq. (VSB No. 32741)
T. Wayne Biggs, Esq. (VSB No. 41281)
Clifford Clapp, Esq. (VSB No. 85388)
10533 Main Street
Fairfax, Virginia 22030
T: (703) 383-0100
F: (703) 383-0101
mdycio@dyciolaw.com
twbiggs@dyciolaw.com
cclapp@dyciolaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that, on this 3rd day of April, 2026, a true and correct copy of the foregoing

was electronically filed via CM/ECF, which will send notice of the filing to all counsel of record.

/s/ T. Wayne Biggs, Esq.
T. Wayne Biggs, Esq.

Page **4** of **4**