# DYCIO & BIGGS

Mark R. Dycio
Victoria J. Schug
T. Wayne Biggs

**ATTORNEYS AT LAW**
10533 Main Street Fairfax, Virginia 22030
Tel: (703) 383-0100  Fax: (703) 383-0101
www.dyciobiggs.com

Jeffrey F. Mangeno
\*Skyler R. Peacock
\*^Clifford Clapp
\*Gershom A. Young
Bennet Brasfield
\*Josh Grossman
\*Admitted in VA and DC
^Admitted in MD

July 3, 2025

**VIA EMAIL & FEDEX**

Town of Glenrock, Wyoming
c/o Tammy Taylor, Town Clerk
219 S 3rd Street
Glenrock, WY 82637
ttaylor@glenrock.org

> **Subject:**    **Eastern Point Trust Company's Demand to Cease and Desist, and Notice of Misappropriation of Intellectual Property, Industrial Espionage, Computer Trespass, Breach of Contractual Obligations, and Other Associated Misconduct and Anti-Spoliation Notice.**

Ms. Taylor:

This law firm represents Eastern Point Trust Company, its affiliates, and its subsidiaries (collectively, "Eastern Point").

It has come to Eastern Point's attention that the Town of Glenrock, Wyoming ("Glenrock") is operating in combination with Flatirons Bank ("Flatirons") and others to advance the objectives of the enterprise known as Justice Escrow. Although Flatirons markets Justice Escrow as a "proprietary" online platform for the establishment and maintenance of qualified settlement funds, Eastern Point maintains that Flatirons, in combination with various third parties, knowingly derived the Justice Escrow platform from intellectual property, trade secrets, and other protected information misappropriated from Eastern Point's nearly identical QSF 360 platform. That effort has resulted in substantial and continuing harm to Eastern Point. Upon information and belief, through its involvement with Justice Escrow, Glenrock enjoys a pecuniary interest in the proceeds of Flatirons's illicit activities. Eastern Point intends to enforce its rights and recover its losses from Flatirons and every other stakeholder in the Justice Escrow enterprise. In anticipation of forthcoming litigation to further that effort, please accept this letter as a formal demand for Glenrock, including all of its agencies, departments, courts, agents, and collaborators, to immediately cease and desist from all further participation in the Justice Escrow enterprise.

**DEMAND TO CEASE AND DESIST**
**Directed to Town of Glenrock, Wyoming**
**Page 2 of 6**

GLENROCK IS DEMANDED TO IMMEDIATELY CEASE AND DESIST FROM ALL ACTIVITIES IN SUPPORT OF FLATIRONS AND ITS JUSTICE ESCROW AND ASSOCIATED JUSTICE BANKING PLATFORMS.[1]

Further, upon information, belief, and by Glenrock's past and current actions, Glenrock has been identified as a key and primary participant in the matter and has information, knowledge, communications, and Preservation Documents (as defined later herein), or has direct knowledge and involvement with the following:

Persons or entities:

(i) Justice for Life, LLC, (ii) Trial Lawyers for Justice, a professional corporation, (iii) Flatirons Banks, (iv) Trail Lawyers for Justice, (v) Jakob Z. Norman, (vi) Kyle Heckman, (vii) Michael Upchurch, (viii) Nicholas "Nick" J. Coccimiglio, (ix) Will Bunnell, (xi) Courtney Barber, (xii) Mikel Taft, (xiii) Tim Krochuk, (xv) Trellis Software, (xvi) Justice Escrow, (xvii) Independent Life, (xviii) Delta Settlements, and (xix) Williams, Porter, Day & Neville, P.C..

OR

Matters and actions directly or indirectly related to:

(i) Any Qualified Settlement Fund arrangement, associated websites, applications, agreements functionality and systems known as "Justice Escrow" jointly operated by Flatirons Bank; or (ii) the use or infringement of Intellectual Property of Eastern Point Trust Company; (iii) Eastern Point Trust Company, (iv) QSF 360™ and related agreements; (v) breach of the provisions of www.easternpointtrust.com, and (vi) the one or more approvals by Glenrock of one or more qualified settlement funds and serving in the serving in the role of the "governmental authority" as the term is defined by 26 C.F.R. §468B-1(c).

Specifically, my client has in their possession immutable evidence of multiple breaches of applicable legal agreements provisions and applicable account documents concerning the proprietary nature of its IP, and regarding non-competition, non-disclosure, business interference, industrial espionage, computer trespass, quiet enjoyment, intellectual property infringement, tortious business interference, quiet enjoyment violations and a myriad of other contractual provisions and applicable statutes for which Glenrock's actions, as the agent or alter ego of Flatirons, constitute support and furtherance of said breaches and violations.

Moreover, Glenrock was aware of said violations through its receipt and possession of Confidential, protected documents and the Intellectual Property of Eastern Point. These related actions expose Glenrock to associated claims as a co-collaborator of said violations. It is a well-

---

[1] Justice Escrow is a part of the Justice Banking platform.

**DEMAND TO CEASE AND DESIST**
**Directed to Town of Glenrock, Wyoming**
**Page 3 of 6**

settled law that one cannot shield accountability and liability for a violative act by merely asserting that the act was taken while acting as the agent of another.

Glenrock must immediately cease and desist from all violative activities, based on information and belief, including, but not limited to:

1. **Non-Competition Breach:** Engaging in activities as the agent or alter ego of Flatirons in furtherance of Flatirons's violation of the non-competition clause of the applicable agreements.

2. **Non-Disclosure Breach:** Using, disclosing, or sharing confidential and proprietary information, including Eastern Point's Collective Intellectual Property, violates the associated contractual confidentiality and non-disclosure obligations that bind Flatirons, as well as Glenrock in its role as the agent or alter ego of Flatirons.

3. **Trade Secret Misappropriation:** Misusing, sharing, or using Eastern Point's Trade Secrets, including proprietary technology, strategies, processes, forms, designs, pricing, or customer information without authorization and in breach of the applicable terms that bind Flatirons, as well as Glenrock in its role as the agent or alter ego of Flatirons.

4. **Intellectual Property Infringement:** Utilizing, reproducing, distributing, displaying, or making a derivative work based on Eastern Point's proprietary material(s) in furtherance of any commercial activity or work on behalf of Flatirons or Glenrock as the agent or alter ego of Flatirons.

5. **Computer Trespass and Fraud:** Unauthorized access to www.easternpointtrust.com and the associated computer systems to surveil, access, acquire, retrieve, or manipulate information and data, and obtain and convert Eastern Point's industrial and Intellectual Property or services by Flatirons, as well as Glenrock, in its role as the agent or alter ego of Flatirons.

6. **Industrial Espionage:** Financially, or otherwise benefiting from actions by Flatirons to conduct industrial espionage, such as gathering confidential information through surveillance, deceit, or other means in violation of the Industrial Espionage Act.

7. **Tortious Business Interference:** Supporting Flatirons in its role as their agent or alter ego to interfere, compromise, or in support to solicit Eastern Point's business relationships for Flatirons's gain or Glenrock's benefit as the agent or alter ego of Flatirons

8. **Conspiracy:** Acts in conjunction with, or on behalf of Flatirons as their agent or alter ego to engage in activities designed to harm Eastern Point, breach Eastern Point's client relationships, and improperly assist Flatirons to benefit from said conspiracy.

9. **Quiet Enjoyment Breach:** Acts with or on behalf of Flatiron as their agent or alter ego that breach the Quiet Enjoyment provisions of the applicable agreements.

**DEMAND TO CEASE AND DESIST**
**Directed to Town of Glenrock, Wyoming**
**Page 4 of 6**

10. **Privacy Policy Breach:** Acts with or on behalf of Flatirons as their agent or alter ego that breaches the privacy policy provisions of the applicable agreements.

## Demands

It is therefore demanded that, without delay, Glenrock:

1. Immediately cease all infringing activities related to Eastern Point Trust Company, QSF 360, and the related structure and relationships.

2. Disband all affiliations, coordination, acts, services, communications, and engagements with all accomplices related to qualified settlement funds, except to preserve and obtain documents and information as required herein.

3. Return or provide independent proof of the destruction of all confidential information and materials obtained improperly by Glenrock or through Flatirons and their collaborators.

4. Provide the name of all entities or persons, including the law firms, settlement planning, insurance companies, or structured settlement brokers related to this matter or qualified settlement funds.

5. Provide all communications and documents related to Eastern Point Trust Company, its officers, staff, or business relationships, as well as QSF 360, in whatever form Glenrock has received, sent, or created them.

6. Provide all documents, communications, materials, or other related evidence pertaining to any of the following:

    a. Persons or entities:

    (i) Justice for Life, LLC, (ii) Trial Lawyers for Justice, a professional corporation, (iii) Flatirons Banks, (iv) Trail Lawyers for Justice, (v) Jakob Z. Norman, (vi) Kyle Heckman, (vii) Michael Upchurch, (viii) Nicholas "Nick" J. Coccimiglio, (ix) Will Bunnell, (xi) Courtney Barber, (xii) Mikel Taft, (xiii) Tim Krochuk, (xv) Trellis Software, (xvi) Justice Escrow, (xvii) Flatirons Bank, (xviii) Independent Life, (xix) Delta Settlements, and (xx) Williams, Porter, Day & Neville, P.C.

    OR

    b. Matters and actions directly or indirectly related to:

    (i) Any Qualified Settlement Fund arrangement, associated websites, applications, agreements functionality and systems known as "Justice Escrow" jointly operated by Flatirons Bank; or (ii) the use or infringement of Intellectual Property of Eastern Point Trust Company; (iii) Eastern Point Trust Company, (iv) QSF 360™ and related agreements; (v) breach of the provisions of www.easternpointtrust.com, and (vi) the approval by Glenrock of one or more qualified settlement funds or serving

**DEMAND TO CEASE AND DESIST**
**Directed to Town of Glenrock, Wyoming**
**Page 5 of 6**

in the role of the "governmental authority" as the term is defined by 26 C.F.R. §468B-1(c).

**Records Preservation Notice and Anti-Spoliation Notice**

This letter further serves as notice and a directive that Glenrock and all directly or indirectly related parties take affirmative steps to preserve and not discard or delete all Preservation Documents.

"Preservation Documents" means all potentially relevant documents, work product, software, including alpha and beta versions, and any other electronically stored information ("ESI") directly or indirectly related to the Scope of Notice. For the avoidance of doubt, the types of Preservation Documents that are subject to this directive include but are not limited to: (i) **documents**, including proposals, scopes of work, invoices, contracts or agreements, reports, business records, correspondence, logs, journals, and memoranda; (ii) **electronic files**, including word processing files, spreadsheets, databases, graphs, tables, charts, presentation data or slide shows (e.g., Microsoft PowerPoint), data created by accounting software (e.g., QuickBooks), images, voicemails, data generated by calendaring, task management and personal information management software (e.g., Microsoft Outlook), data created by smartphones, handheld devices, or tablet devices, including text messages, data created with document management software, and any storage, backup, or archived media—all drafts and any revisions to files should be preserved; (iii) **hardware**, including all electronic processing systems, even if they are replaced or no longer used, like computer servers, personal desktop and laptop computers, removable or external hard drives, DVDs, CDs, smartphones or handheld devices, iPads and other tablets, storage and networking devices (e.g., Time Capsules), and any other electronic processing devices; (iv) **electronic ephemeral communications**, including emails and SMS, instant messaging (e.g., iMessage, Slack, WhatsApp, LinkedIn messages), in their original format, whether sent from or received by Glenrock employees or representatives during or outside of business hours; (v) **internet web activity** including applications and webpages, SaaS systems and services, web-browser generated files, caches, and cookies, whether stored on active, archived, or backup media; (vi) **data held by third parties**, including any cloud or internet-based applications or storage accounts (e.g., Dropbox, Intuit Cloud Accounting Software, FTP sites, cloud hosting platforms, extranets, etc.); and (vii) **supporting information**, including all information related to the aforementioned documents and ESI, such as code books, keys, data dictionaries, diagrams, handbooks, and the like, to the extent they exist. For clarity and compliance, Glenrock must also preserve all of the above-listed items in all cellphone device(s), personal email account(s), and any other such device(s) and communication channel(s) that Glenrock controls, owns, oversees, or has access to.

The Scope of Notice includes, but is not limited to the following person(s), entity(ies), service(s), and/or products: (i) Flatirons Bank; (i) Trial Lawyers for Justice, P.C.; (iii) Justice for Life, LLC; (iv) Trellis Software; (v) Jakob Z. Norman; (vi) Nicholas "Nick" J. Coccimiglio; (vii) Kyle Heckman; (viii) Michael Upchurch; (ix) Will Bunnell; (xi) Courtney Barber; (xii) Mikel Taft; (xiii) Williams, Porter, Day & Neville, P.C., (xiv) the Qualified Settlement Fund arrangement known as Justice Escrow; (xv) Eastern Point Trust Company; (xvi) Eastern Point Services; (xvii) Tim Krochuk, (xviii) Eastern Point's QSF platform known as QSF 360, and relating to qualified settlement fund arrangements as defined by 26 C.F.R. §468B-1 *et. seq.*

**DEMAND TO CEASE AND DESIST**
**Directed to Town of Glenrock, Wyoming**
**Page 6 of 6**

Until canceled in writing by counsel on behalf of Eastern Point, Glenrock must continue to preserve and retain (i.e., do not alter, delete, discard, or otherwise modify) all Preservation Documents stored on any computer, server, or device that it or any related employees or agents acting on its behalf, have or had access to, directly or indirectly did or do control, and/or on which is or was stored company information or Preservation Documents directly or indirectly related to the persons, entities, services, and/or products listed above. Any email or text message "janitorial" functions, such as automatic deletion after a particular time, must continue to be disabled concerning emails that potentially contain Preservation Documents. Failure to adequately preserve Preservation Documents could result in significant civil penalties. Any questions concerning the relevance of any document or ESI should be resolved in favor of preservation and retention. Thank you for your compliance and prompt attention to this matter.

Based on information and belief, at this time it is anticipated that Glenrock will be named as a defendant in future litigation. We explicitly reserve all rights and privileges afforded to us by contract, operation of law, regulation, statute, or other legal theory or basis.

Finally, despite Eastern Point's counsel's repeated good-faith efforts to resolve this matter, Glenrock's counsel has not only reneged on its prior assurances but has persistently and unequivocally rebuffed every attempt at resolution. As such, we require that Glenrock confirm, in writing, its full compliance with this demand within three (3) days. Please direct Glenrock's response and any questions to the undersigned counsel.

Sincerely,

T. Wayne Biggs, Esq.
TWBiggs@DycioLaw.com