Case 2:25-cv-00222-KHR   Document 15-2   Filed 11/03/25   Page 1 of 6
Case 1:25-cv-01787-RDA-IDD   Document 77-5   Filed 04/07/26   Page 1 of 6 PageID#
2703

**IN THE DISTRICT COURT FOR THE EIGHTH JUDICIAL DISTRICT**

**STATE OF WYOMING, COUNTY OF CONVERSE**

**Docket No. 2025-CV-0019182**

| | | |
|---|---|---|
| STEPHEN MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | Filed for Record this _29_ |
| | ) | day of _Oct_ A.D. _2025_ |
| v. | ) | Pamela McCullough |
| | ) | Clerk of the District Court |
| TOWN OF GLENROCK, WYOMING, | ) | Converse County, Wyoming |
| | ) | |
| Defendant. | ) | |
| | ) | |

---

### ORDER ON PLAINTIFF'S MOTION FOR PRELIMIARY DISCOVERY

---

THIS MATTER came before the court for hearing September 22, 2025, on Plaintiff's *Motion for Preliminary Discovery* ("*Plaintiff's Motion*"). Plaintiff, Stephen Miller ("Mr. Miller"), appeared through his attorney, Caleb. C. Wilkins. Defendant, the Town of Glenrock ("Glenrock"), appeared through its attorney, Tim Stubson. After considering the briefs and evidence before the court, the court will grant *Plaintiff's Motion*. The court's discussion and decision are explained below.

### BACKGROUND

On July 18, 2025, Plaintiff filed a *Motion to Compel Compliance with Wyoming Public Records Act and for Order to Show Cause* to obtain various records from the Town of Glenrock pursuant to Wyo. Stat. Ann. 16-4-203(f)(i). Plaintiff asserts that Glenrock is wrongfully withholding public records, including communications related to the "actual or proposed establishment of Qualified Settlement Funds through Flatirons Bank of Colorado and its associated platform, Justice Escrow, using the Town of Glenrock as a sponsor." *Plaintiff's Motion*, p. 3.

**EXHIBIT B**

Case 2:25-cv-00222-KHR    Document 15-2    Filed 11/03/25    Page 2 of 6
Case 1:25-cv-01787-RDA-IDD    Document 77-5    Filed 04/07/26    Page 2 of 6 PageID#
2704

## APPLICABLE LAW

Mr. Miller seeks Glenrock's communications that he identifies as public records. Within the Public Records Act ("the Act"), W.S. § 16-4-201, *et seq.*, the following subsections of Wyo. Stat. Ann. § 16–4–203 set out the remedies available to someone denied access to a public record:

> (e) If the custodian denies access to any public record, the applicant may request a written statement of the grounds for the denial. The statement shall cite the law or regulation under which access is denied and shall be furnished to the applicant.
>
> (f) Any person denied the right to inspect any record covered by this act may apply to the district court of the district wherein the record is found for any order directing the custodian of the record to show cause why he should not permit the inspection of the record.
>
> (g) If, in the opinion of the official custodian of any public record, disclosure of the contents of the record would do substantial injury to the public interest, notwithstanding the fact that the record might otherwise be available to public inspection, he may apply to the district court of the district in which the record is located for an order permitting him to restrict disclosure.[4] After hearing, the court may issue an order upon a finding that disclosure would cause substantial injury to the public interest. The person seeking permission to examine the record shall have notice of the hearing served upon him in the manner provided for service of process by the Wyoming Rules of Civil Procedure and has the right to appear and be heard.

*Allsop v. Cheyenne Newspapers, Inc.,* 2002 WY 22, ¶ 18, 39 P.3d 1092, 1097–98 (Wyo. 2002) (quoting W.S. § 16-4-203).

The Wyoming Supreme Court describes the Act as requiring a "liberal interpretation" in favor of disclosure. *Id.* at 1099 (holding that "in construing their meaning in a controversy such as this, we would not look to the most general meaning of those terms and phrases, but rather, would look to their meaning in the context of this statute and we would do so *a fortiori* in view of the liberal construction rules applicable to these statutes."). Furthermore, the Wyoming Supreme Court instructs district courts to specifically gauge requests for information received pursuant to the Act as follows:

> "The role of the district court is to examine the disputed information, all of the other materials in the record and the applicable law, and then make

a judgment as to whether the custodian was correct in his conclusion." *Powder River Basin Res. Council*, 2014 WY 37, ¶ 24, 320 P.3d at 230 (quoting *Allsop v. Cheyenne Newspapers, Inc.*, 2002 WY 22, ¶ 29, 39 P.3d 1092, 1101 (Wyo. 2002)). The district court must "employ logic and reason in that process." *Id.* (quoting *Allsop*, ¶ 29, 39 P.3d at 1101). "If the custodian bears his burden of showing that an exemption applies to the record sought, that is the end of the judicial inquiry. If the custodian fails to prove that the record is exempt from inspection by the public, the **court must order the custodian to allow inspection.**" *Id.* at ¶ 25, 320 P.3d at 230 (emphasis added) (internal citations omitted).

*Gates v. Mem'l Hosp. of Converse Cnty. - Advanced Med. Hometown Care by & through Bd. of Trs. of Mem'l Hosp. of Converse Cnty.*, 2023 WY 77, ¶ 19, 533 P.3d 493, 501 (Wyo. 2023) (emphasis in original).

## DISCUSSION

Considering Glenrock denies possession of the disputed communications, Mr. Miller contends that allowing discovery is permissible under the Wyoming Rules of Civil Procedure. Specifically, Mr. Miller argues that by allowing "limited discovery," "almost all – if not all – of such factual issues could be resolved." *Plaintiff's Motion*, p. 2. Glenrock counters that Mr. Miller's request for discovery is not permitted by the Act or the Wyoming Rules of Civil Procedure and that such relief is only attainable through an appropriate civil action, namely a petition for writ of mandamus. Since Mr. Miller only filed a "Motion," Glenrock contends that discovery is not permissible and ordering the same runs afoul to the Act. Furthermore, Glenrock argues that Mr. Miller failed to obtain an order from the ombudsman and therefore lacks standing to seek judicial intervention.

Concerning Mr. Miller's standing, the court generally agrees with Mr. Miller that the Act provides nonexclusive grounds for relief. While W.S. 16-4-203(f) is disjunctive, its reference to W.S. 16-4-202(c)(v) is indicative. Specifically, W.S. 16-4-202(c)(v) provides, in part that "[t]he applicant may at any time file a complaint with an ombudsman designated by the governor *or* may petition the district court for a determination as to whether the custodian has demonstrated good cause." (emphasis added). While Mr. Miller has not filed a "petition" with this court, affording a liberal approach to the Act, the court finds Mr. Miller may seek relief from the ombudsman OR the district court.

Furthermore, Mr. Miller attempted to obtain the requested relief from the ombudsman but has not obtained either a determination or relief. Ultimately, the court finds Mr. Miller has standing to bring his *Motion*.

While the language of the Act affords Mr. Miller standing to bring the present action, the specific nature of Mr. Miller's request – limited discovery in the context of a public records request – is much more nuanced. In general, the Act provides specific "remedies" for those seeking public records as delineated in W.S. § 16-4-202 and 203. However, notwithstanding the remedies identified under the Act, "[t]he legislature has assigned to the courts the task of providing remedies, both to the public and to government, when issues under the WPRA arise." *Allsop v. Cheyenne Newspapers, Inc.*, 2002 WY 22, ¶ 14, 39 P.3d at 1096. While there is no specific "remedy" within the Act allowing discovery, the Wyoming Supreme Court explains that "[w]e feel safe in concluding that the legislature intended for the courts to use those traditional judicial remedies that are available, as well as to fashion new ones that suit the circumstances which the statute was intended to remediate." *Id.* ¶ 30 (citations omitted). Although "discovery" is certainly not a specific remedy available under the Act, under these circumstances, the court finds discovery may be construed as a "traditional judicial remedy" as contemplated by the Wyoming Supreme Court.

Glenrock does not dispute the potential utility of allowing limited discovery. Furthermore, the parties disagree as to whether and what extent the contested communications exist. W.S. 16-4-203(f)(i) allows a court to "compel production if applicable." It is clear from the underlying *Motion* that Mr. Miller seeks specific documents and communications from Glenrock, hence the lack of surprise that Mr. Miller seeks the information subject to the discovery request. Although Glenrock argues the proper method of obtaining discovery to assess the alleged nonexistence of the requested records is through a writ of mandamus, the Wyoming Supreme Court recognizes the show cause procedure under W.S. § 16-4-203(f) as the limited remedy available to challenge a governmental authority's denial of access to information. *Guy v. Lampert*, 2016 WY 77, ¶ 14, 376 P.3d 499, 503 (Wyo. 2016) (stating that the procedure outlined under W.S. § 16-4-203(f) "is the exclusive means of challenging a State governmental entity's denial of

Miller v. Glenrock, CV-2025-0019182, Page **4** of **6**

access to the records it maintains."). As previously discussed, "[i]f the custodian fails to prove that the record is exempt from inspection by the public, the **court must order the custodian to allow inspection**." *Gates,* ¶ 25, 320 P.3d at 230 (emphasis added) (internal citations omitted). However, the parties disagree as to whether such a "record" exists or is even accessible, rendering the ability to order such inspection or to recognize any excemption to inspection impossible.

While the Act does not specifically recognize discovery as a tool available in a public records request, considering the unique circumstances of the present controversy, the existence of a dispute concerning whether the requested communications exist or are retrievable, the likelihood of the applicability of the Act as it pertains to the contested communications, the previous disclosure of documents, the lack of any claim to an exemption, Glenrock's steadfast position that it cannot access documents – i.e., contracts – that appear to be subject to the Act, and Mr. Miller's demonstration that such documents may be retrievable (*Plaintiff's Reply*, pp. 7-9; Exhibit 1), the court finds that Mr. Miller's request is legitimate and should be granted. That is, Mr. Miller should be afforded the right to use limited discovery to ascertain whether the requested communications and/or documents are within Glenrock's control. Accordingly, the court finds Mr. Miller's request to use limited discovery to ascertain the existence of the requested communications an appropriate remedy under the present circumstances.

## CONCLUSION

"The role of the district court is to examine the disputed information, all of the other materials in the record and the applicable law, and then make a judgment as to whether the custodian was correct in his conclusion." *Powder River Basin Res. Council,* 2014 WY 37, ¶ 24, 320 P.3d at 230 (quoting *Allsop v. Cheyenne Newspapers, Inc.,* 2002 WY 22, ¶ 29, 39 P.3d at 1101). The district court must "employ logic and reason in that process." *Id.* (quoting *Allsop,* ¶ 29, 39 P.3d at 1101). Glenrock does not make any claim for an "exemption" but rather argues all information that is subject to disclosure has been provided, and that further communications or documents are unavailable. After careful review of the nature of this controversy, the court finds and concludes that affording Mr. Miller limited discovery is an appropriate judicial remedy to resolve the disputed facts,

Miller v. Glenrock, CV-2025-0019182, Page **5** of **6**

including whether Glenrock is justified in its position that it does not have custody or control of the disputed records and/or communications.

**ORDER**

Based upon the discussion above, and after considering the entire record, the evidence, and the arguments adduced at the hearing, the court's order is as follows:

**IT IS HEREBY ORDERED** that Plaintiff's *Motion for Limited Discovery* is hereby GRANTED.

**IT IS FURTHER ORDERED** that each party may serve discovery and subpoenas for depositions pursuant to W.R.C.P. 30. 30.1 or 31 within twenty (20) days of the date of this order. All discovery, including depositions, must be completed no more than fifty (50) days from the date of this order, and each discovery item focused on the controversy as explained herein.

**IT IS FURTHER ORDERED** that each party is permitted to serve no more than five (5) interrogatories (W.R.C.P. 33), five (5) requests for production (W.R.C.P. 34), and five (5) requests for admissions (W.R.C.P. 36).

**IT IS FURTHER ORDERED,** that each party is limited to two (2) depositions, and each deposition shall take no more than three (3) hours each.

Dated this ____28th____ day of October, 2025.

**F. Scott Peasley**
**District Court Judge**

CERTIFIED
TO BE A FULL TRUE
AND CORRECT COPY
2025-CV-0019182
10/29/2025
Pamela B. McCullough
Clerk of District Court

District Court of the State of Wyoming
CONVERSE COUNTY

Miller v. Glenrock, CV-2025-0019182, Page **6** of **6**